

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~NORTHERN~~ WESTERN DIVISION

| | |
|---|---|
| RENZA BIRDIE, Individually and on Behalf of All Others Similarly Situated | PLAINTIFF |
| vs. | No. 5:17-cv-21 DCB, -MTP |
| BRANDI'S HOPE COMMUNITY SERVICES, LLC, and DANNY COWART | DEFENDANTS |

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Renza Birdie, Individually and on behalf of all others similarly situated, by and through her attorney Christopher W. Espy of Morgan & Morgan, PLLC, and for her Original Complaint—Collective Action ("Complaint"), does hereby state and allege as follows:

I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff Renza Birdie against Defendants Brandi's Hope Community Services, LLC ("Brandi's Hope") and Danny Cowart ("Cowart") (collectively, "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Defendant has its principal place of business in the Northern Division of the Southern District of Mississippi. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

6.     Plaintiff is a citizen and resident of the State of Mississippi.

7.     Plaintiff is a former employee of Defendants.

8.     Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d), during the period relevant to this lawsuit.

9.     Plaintiff worked for Defendants as a Direct Support Worker within the three (3) years preceding the filing of this Complaint; she was paid on an hourly basis.

10.     Defendant Brandi's Hope Community Services, LLC, is a limited liability company organized under the laws of Mississippi and having as its agent for service of process Danny O. Cowart, 184 Tugwell Road, Magee, MS 39111.

11.     Defendant Danny Cowart is the managing member of Brandi's Hope and controls the day-to-day operations of Brandi's Hope.

12.     Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.  FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Plaintiff was employed by Defendants from approximately November of 2014 through May of 2015.

16. Defendants employed Plaintiff as a "Direct Support" worker.

17. Plaintiff's duties included providing support to disabled individuals living at group homes operated by Defendants.

18. Defendants paid Plaintiff an hourly rate of between $10.00 and $15.00 per hour.

19. Plaintiff's typical shift ran from 3:00 PM until 8:00 AM, or seventeen hours.

20. Defendants tracked Plaintiff's working time with a time clock.

21. Defendants required Plaintiff to clock out at 10:00 PM and clock back in at 6:00 AM, but to remain at the workplace and ready to work throughout the night.

22. Plaintiff was the only employee at the group home during the nights when she worked.

23. Plaintiff's duties required her to rise frequently during the night and aid the residents of the group home.

24. Because of the sleep interruptions occasioned by Defendants' clients' needs, Plaintiff rarely, if ever, got as much as five hours of uninterrupted sleep per night.

25. Defendants paid Plaintiff only for time that she was clocked in.

26. Plaintiff was typically scheduled to work five days per week.

27.     Plaintiff always or almost always worked in excess of forty (40) hours per week during her tenure with Defendant.

28.     Defendant typically paid Plaintiff for no more than forty (40) hours per week, or far fewer hours than Plaintiff actually worked.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

29.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Direct Support Workers who were, are, or will be employed by Defendant and were not paid for all hours worked in excess of forty per workweek at one and one-half times their regular rates of pay.

30.     Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Defendant as Direct Support Workers within the three years prior to the filing of this lawsuit.

31.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of the Brandi's Hope Community Services, LLC.

32.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

33.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

34. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including Defendant's uniform failure to pay them the overtime compensation required by the FLSA

## VI. FIRST CLAIM FOR RELIEF: INDIVIDUAL CLAIM FOR FLSA VIOLATIONS

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. Because Plaintiff was often required to work more than forty (40) hours per week for Defendant, Defendant violated the FLSA by failing to pay Plaintiff the overtime wages required under the FLSA.

37. Plaintiff did not qualify for any exemption from the overtime requirements of the FLSA throughout the period of time she worked for Defendant.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VII. SECOND CLAIM FOR RELIEF: COLLECTIVE ACTION CLAIM FOR FLSA VIOLATIONS

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Because Defendant often required Plaintiff and similarly situated Direct Support workers to work more than forty (40) hours per week for Defendant, Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Direct Support workers the overtime wages required under the FLSA.

41. Plaintiff and similarly situated Direct Support workers were and are non-exempt from the overtime requirements of the FLSA.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated Direct Support workers, and Plaintiff seeks on behalf of herself and similarly situated Direct Support workers, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Renza Birdie respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its relating regulations;

B. An order directing Defendant to supply to Plaintiffs' counsel the names and last known home addresses of all members of the proposed FLSA Collective, so that Plaintiffs may send to them notice of this collective action;

C. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

E. Judgment for any and all civil penalties to which Plaintiff may be entitled;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

G. Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

PLAINTIFF, RENZA BIRDIE

By: *[signature]*

Christopher W. Espy
Miss. Bar No. 102424
MORGAN & MORGAN, PLLC
4450 OLD CANTON ROAD, SUITE 200
JACKSON, MISSISSIPPI 39211
TELEPHONE: (601) 718-2087
FACSIMILE: (601) 718-2102

cespy@forthepeople.com