```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

RENZA BIRDIE, on behalf of herself
and those similarly situated                              PLAINTIFF

v.                                CIVIL ACTION NO. 5:17-cv-21-DCB-MTP

BRANDI'S HOPE COMMUNITY SERVICES, LLC,
and DANNY COWART                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information (docket entry 11). Having carefully reviewed the motion, memoranda, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

Plaintiff Renza Birdie ("Birdie"), on behalf of herself and others similarly situated, commenced this Fair Labor Standards Act ("FLSA") collective action against defendants Brandi's Hope Community Services, LLC ("Brandi's Hope") and Danny Cowart ("Cowart") (collectively, "Defendants") on February 24, 2017. Brandi's Hope is a Mississippi limited liability corporation operating residential care facilities for disabled adults. Cowart is the company's owner and chief executive officer.

Birdie was employed by Brandi's Hope from November of 2014 to May of 2015 as a Direct Support Professional ("DSP"). Within that

1

role, Birdie was responsible for providing assistance and care to disabled adults living in group homes operated by Brandi's Hope. Because these group homes were staffed at all times, Direct Support Professionals were often required to stay with their residents overnight. Birdie claims that she frequently worked the night shift, which ran seventeen hours from 3:00 p.m. to 8:00 a.m. During these shifts, Birdie alleges that she was required to "clock out" between 10:00 p.m. and 6:00 a.m. but remain at the facility throughout the night. Through the company's "sleep time" policy, Birdie claims that the defendants violated the FLSA by requiring the plaintiff and other similarly situated Direct Support Professionals to work in excess of forty hours a week without overtime compensation.[1]

Birdie now moves for conditional certification pursuant to 29 U.S.C. § 216(b), requesting that court-authorized notice of the collective action be sent to "[a]ll Direct Support Professionals, or Direct Care Professionals, employed by defendants Brandi's Hope Community Services, LLC, and Danny Cowart (hereinafter collectively, "Defendant") since February 24, 2014." Doc. 11. While the defendants do not oppose conditional certification, they

---

[1] Brandi's Hope currently employs approximately 350 individuals. Cowart Dec., Doc. 18-1, ¶ 4. With turnover, an estimated 500 current and former employees have worked at Brandi's Hope since 2014. Id. Forty percent of those employees are current or former night shift DSPs. Id. at ¶ 6.

do request that the scope of the proposed class and accompanying disclosures be limited.

## II. Discussion

### *A. Conditional Class Certification*

The Fair Labor Standards Act requires covered employers to compensate nonexempt employees who work more than forty hours per week at overtime rates. See 29 U.S.C. § 207(a). Under the FLSA, an employee who is unlawfully denied overtime may bring suit "for and in behalf of himself...and other employees similarly situated." 29 U.S.C. § 216(b). To join in a collective action brought by another similarly situated employee, each employee must affirmatively "opt in" by filing written consent with the Court. Id. This "opt in" format differs from the "opt out" format governing Rule 23 class actions. Santinac v. Worldwide Labor Support of Illinois, Inc., 107 F. Supp. 3d 610, 614 (S.D. Miss. 2015). "The sole consequence of conditional certification [under the FLSA] is the sending of court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." Santinac, 107 F. Supp. 3d at 614 (quoting Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1530 (2013)). District courts have broad discretion to certify a class and issue orders authorizing notice to potential plaintiffs. Eberline v. Media Net, LLC, 2013 WL 11609929, at *1

(S.D. Miss. Oct. 23, 2013) (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)).

When considering whether to certify a collective action under the FLSA, the two-step analysis set forth in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987) is the "favored approach by courts in the Fifth Circuit." Harris v. Hinds Co., Miss., 2014 WL 457913, at *2 (S.D. Miss. Feb. 4, 2014); see also Eberline, 2013 WL 11609929 at *2; Brooks v. Illusions, Inc., 2016 WL 6781244, at *1 (S.D. Miss. Nov. 16, 2016); Owens v. Southern Hens, Inc., 2008 WL 723923, at *2 (S.D. Miss. Mar. 17, 2008); Montgomery v. Wal-Mart Stores, Inc., 2007 WL 2783348, at *1 (S.D. Miss. Sept. 24, 2007); Gallender v. Empire Fire & Marine Ins. Co., 2007 WL 325792, at *1 (S.D. Miss. Jan 31, 2007).[2] The Lusardi framework essentially divides collective action certification into two phases: (1) the notice stage, and (2) the "opt-in, merits, or decertification stage." Brooks, 2016 WL 6781244 at *1. Birdie's motion for conditional certification falls within the initial notice stage of the Lusardi analysis.

---

[2] The Fifth Circuit "has never set a legal standard for collective-action certification, but [it has] affirmed at least two approaches." Portillo v. Permanent Workers, LLC, 662 F. App'x 227, 280 (2016) (discussing the Lusardi method); see also Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995), *overruled on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). The second recognized approach is known as the "spurious class action" method, which requires district courts to evaluate FLSA collective actions pursuant to the numerosity, commonality, typicality, and adequacy requirements of Rule 23. Mooney, 54 F.3d at 1214. Nonetheless, this Court joins the clear majority of district courts in applying the Lusardi approach in this case.

During the notice phase, the Court decides, based on the pleadings and affidavits, whether notice of the action should be given to potential class members. Harris, 2014 WL 457913 at *2 (citing Mooney, 54 F.3d at 1214). Because minimal evidence is available at this early stage, the Court employs a "fairly lenient standard," which requires a "modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. at 3. To achieve notice, the plaintiff need only make a "minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims, and (3) that those individuals want to opt in to the lawsuit." Brooks, 2016 WL 6781244 at *2 (quoting Prater v. Commerce Equities Mgmt. Co., Inc., 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)); Harris, 2014 WL 457913 at *2 (noting that the plaintiff need only show that his position is similar to that of potential plaintiffs, not identical). If the plaintiff makes such a showing, the Court may certify the class and facilitate notice to potential class members. Certification at the notice stage is "conditional," however, as the Court may later choose to "decertify" the collective action upon finding that the class is no longer made up of similarly situated persons during the merits stage. Santinac, 107 F. Supp. 3d at 615 ("the

5

merits stage typically occurs after discovery is mostly complete and upon motion by the defendant").

Applying this "fairly lenient standard," the Court finds that conditional certification is appropriate at this stage. Through her pleadings and accompanying declaration, Birdie maintains that the defendants required her and other Direct Support Professionals working the night shift to clock out for eight hours, during which time they were required to remain at the workplace. Doc. 11-7, ¶ 9. Birdie also contends that it was standard practice for Direct Support Professionals to care for customers more than forty hours each week without receiving overtime pay. Id. at ¶ 13. All Direct Support Professionals were subject to the same pay structure, received the same training, and performed the same duties in caring for the defendants' customers. Id. at ¶¶ 4-13. Birdie further maintains that she has observed and spoken with other Direct Support Professionals and that, based on her experience and knowledge, discerns that others would be interested in joining in her suit. Id. at ¶ 17. Moreover, the defendants do not oppose certification based on these facts. See Doc. 18, p. 18. The Court is therefore satisfied that Birdie has shown "some factual nexus" binding the plaintiff and potential class members "together as victims of a particularly alleged policy or practice." Salinas-Rodriguez v. Alpha Servs., LLC, 2005 WL 3557178, *3 (S.D. Miss. Dec. 27, 2005).

Having determined that conditional certification is warranted, the Court next turns to address the scope of the prospective class. Defendants request that the class be limited to "all Direct Support Professionals or Direct Care Professionals employed by [Brandi's Hope] and [Cowart] since February 24, 2014, who were required to stay on the employer's premises overnight." Doc. 18, p. 2. Acknowledging that only those Direct Support Professionals staying with clients overnight were subject to the defendants' "sleep time" policy, Birdie has indicated that she is amenable to modifying her proposed class definition. See Doc. 19. Yet, she contends that the modified class definition should apply to all Direct Support Professionals who stayed with clients overnight, regardless of where the overnight care occurred. Id.

Though it is somewhat unclear as to whether any Direct Support Professionals actually stayed overnight with clients in locations other than the residential group homes, the pleadings support that all Direct Support Professionals who stayed overnight with patients were subject to the same pay structure and policy. See Doc. 11-7, ¶¶ 9-15. Furthermore, Birdie's declaration states that the duties of a Direct Support Professional included "helping the customer through all hours of the day and night, for whatever reason, whenever and wherever the customer needed assistance." Id. at ¶ 5. Based on these allegations, it is conceivable that some Direct Support Professionals provided overnight care away from the

7

group home facility, and there is no evidence at this stage to suggest that Direct Support Professionals working overnight at other locations were subject to a separate policy. As Birdie has satisfied her low burden at the notice stage, the Court finds that conditional certification should be granted and notice shall issue for the following class, as specifically requested by Birdie in her reply brief:

> All Direct Support Professionals, or Direct Care Professionals, employed by Defendants Brandi's Hope Community Services, LLC, and Danny Cowart who stayed with a client overnight at any time since February 24, 2014.

This modified class definition excludes those Direct Support Professionals working only day shifts and should alleviate the defendants' concerns about the inclusion of class members not subject to the overnight policy.

### B. Disclosure of Information of Potential Plaintiffs

To facilitate the dissemination of notice to the class, Birdie has requested that the Court order the defendants to disclose the names, last known addresses, email addresses, employee identification numbers, dates of employment, dates of birth, and last four digits of social security numbers of prospective plaintiffs. "Discovery of this sort of information is a routine component of court-facilitated notice in FLSA collective actions." Behnken v. Luminant Min. Co., LLC, 997 F. Supp. 2d 511, 525-26. In Hoffman-La Roche, Inc. v. Sperling, the Supreme Court affirmed

that discovery of the names and addresses of potential class members is appropriate at the conditional certification stage. 493 U.S. 165, 170.  Following this decision, courts have consistently approved the disclosure of the names and contact information of prospective plaintiffs. See Jackson v. Superior Healthplan, Inc. 2016 WL 7971332, * 7 (N.D. Tex. Nov. 7, 2016) (approving disclosure of names, addresses, phone numbers, and email addresses).

The defendants have not specified what, if any, information should be excluded from Birdie's request, but they have requested that "only the names and contact information" of potential class members be disclosed.  Doc. 18, p. 8.  Based on this request, the Court surmises that the defendants object to the dissemination of employee identification numbers, dates of birth, and social security numbers of prospective plaintiffs insofar as such information is not generally recognized as "contact information." Birdie argues that the disclosure of this additional information will be helpful in locating those individuals whose notice is returned undeliverable.  But the Court finds nothing to suggest that sending notice by mail and email will be inadequate, or that the disclosure of such sensitive information is necessary.  In the interest of privacy, the Court shall only require that the defendants provide the names, dates of employment, last known addresses, phone numbers, and email addresses of prospective plaintiffs at this time. See Santinac, 107 F. Supp. 3d at 617

(declining to order disclosure of social security numbers at conditional certification stage); Brooks, 2016 WL 6781244, *2 (S.D. Miss. Nov. 16, 2016) (sustaining defendant's objection to the disclosure of social security numbers); Nguyen v. Versacom, LLC, 2015 WL 1400564, *13 (N.D. Tex. Mar. 27, 2015) (finding that the need for disclosure was outweighed by privacy interests where "there [was] no apparent reason to conclude that sending a letter to a person's last known address [would] be inadequate"); Rosario v. Valentine Ave. Discount Store, Co., Inc., 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) (declining to order the production of dates of birth and social security numbers). If notices are returned as undeliverable and the plaintiff is unable to effectuate notice on certain potential plaintiffs, then Birdie may renew her request for additional information regarding those specific employees. See Santinac, 107 F. Supp. 3d at 617.

### C. Form, Content, and Distribution of Notice

Attached to Birdie's motion for conditional certification are proposed notice and consent forms. Birdie requests that the Court authorize Plaintiff's counsel to (1) issue the proposed notice and consent forms by mail and email to prospective plaintiffs, (2) re-mail notices that are returned undeliverable for those plaintiffs for whom better addresses may be located, and (3) mail and email reminder notices 30 days after the initial notice is mailed. Birdie also asks the Court to approve a 90-day opt-in period for

potential plaintiffs. The defendants have not submitted a proposed notice, nor do they object to the form, content, or method of distribution of the notice proposed by Birdie.

The FLSA requires that notice to potential plaintiffs be "accurate and timely," giving potential class members the chance to make informed decisions about whether to participate. Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010). District courts enjoy broad discretion in determining the form and content of court-approved notice. Harris, 2014 WL 457913 at 7; Jackson, 2016 WL 7971332 at * 7 (noting that courts have a duty to oversee the notice process to "ensure that it is timely, accurate, and informative"). "[T]he general rule is that absent reasonable objections to plaintiffs' proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice." Vargas v. Richardson Trident Co., 2010 WL 730155, *11 (S.D. Tex. Feb. 22, 2010); see Jackson, 2016 WL 7971332 at *7 (approving proposed notice and consent forms and proposed manner of distribution absent any objection from defendants); Littlefield, 679 F. Supp. 2d at 1018 ("the court should not alter plaintiff's proposed notice, unless certain changes are necessary").

Having reviewed the plaintiff's notice and finding no objection from the defendants, the Court concludes that Birdie's notice is sufficiently accurate and informative to advise the

putative class of its rights with respect to the pending litigation. The Court shall therefore approve the proposed notice and consent forms, with the exception that the plaintiff shall modify the forms to reflect the conditionally certified class set forth above.

Accordingly,

IT IS HEREBY ORDERED that Birdie's Motion for Conditional Certification is GRANTED, and that a collective class consisting of all Direct Support Professionals, or Direct Care Professionals, employed by Defendants Brandi's Hope Community Services, LLC, and Danny Cowart who stayed with a client overnight at any time since February 24, 2014, is conditionally certified;

IT IS FURTHER ORDERED that Defendants shall provide Plaintiff's counsel with the names, last known addresses, email addresses, phone numbers, and dates of employment of all potential members of the collective class, in electronic form, within fourteen (14) days of the date of entry of this Order;

IT IS FURTHER ORDERED that the Plaintiff submit to the Court, no later than fourteen (14) days from the date of entry of this Order, a proposed notice to potential class members, revised in accordance with the class conditionally certified in this Order;

IT IS FURTHER ORDERED that within fourteen (14) days of Court approval of the Notice, the Plaintiff shall send a copy of the approved Notice and Consent forms to potential class members;

IT IS FURTHER ORDERED that potential class members shall submit their consent forms opting-in to this lawsuit no later than ninety (90) days from the date Notice is mailed;

IT IS FURTHER ORDERED that Plaintiff's counsel is authorized to send a reminder postcard by mail and email to those potential class members who have not responded thirty (30) days after the initial notice is mailed;

SO ORDERED, this the 14th day of June, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE