IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION


RENZA BIRDIE                                              PLAINTIFF


V.                                          NO. 5:17-CV-21-DCB-MTP


BRANDI'S HOPE COMMUNITY SERVICES, LLC

and DANNY COWART                                         DEFENDANTS


<u>ORDER AND OPINION</u>


Plaintiff Renza Birdie and Defendants Brandi's Hope Community Services, LLC and Danny Cowart move the Court to approve their settlement and dismiss this Fair Labor Standards Act suit. For the reasons that follow, the motion is GRANTED.

## I.   Background

This dispute arises from Brandi's Hope's alleged failure to pay overtime to employees who worked more than 40 hours per week.

Brandi's Hope operates residential care facilities for disabled adults. (Doc. 1, ¶ 17) Brandi's Hope maintains its corporate headquarters in Magee, Mississippi. (Doc. 1, ¶ 10) Danny Cowart is Brandi's Hope's owner and chief executive officer. (Doc. 1, ¶ 11) Renza Birdie worked for Brandi's Hope as a "direct support

professional" from November 2014 to May 2015. (Doc. 1, ¶¶ 9, 15)
As a direct support professional, Birdie worked 17-hour shifts ——
from 3:00 P.M. to 8:00 A.M. —— caring for disabled adults. (Doc.
1, ¶ 19)

In February 2017, Birdie sued Cowart and Brandi's Hope under
Section 216(b) of the Fair Labor Standards Act. (Doc. 1, ¶ 1)
Birdie alleged that she and similarly situated direct support
professionals were not compensated for working overtime. (Doc. 1,
¶ 29) In particular, Birdie alleged that a Brandi's Hope policy
that required direct support professionals to clock out between
10:00 P.M. and 6:00 A.M. deprived her of 8 hours of compensation
per shift. (Doc. 1, ¶ 21)

In April 2017, Brandi's Hope and Cowart answered Birdie's
complaint, denied liability, and raised 21 affirmative defenses.
(Doc. 6) One defense asserted that Brandi's Hope and Cowart were
not liable because they relied on the United States Department of
Labor's guidance in deciding not to compensate Birdie for the hours
she worked between 10:00 P.M. and 6:00 A.M. (Doc. 6, p. 3) Another
defense asserted that even if Birdie proved liability, she could
recover only two years of compensation. (Doc. 6, p. 3)

In June 2017, the Court conditionally certified a collective
action class consisting of direct support professionals employed

by Brandi's Hope who stayed with a client overnight at any time since February 24, 2014. (Doc. 20, p. 12)

One year later, in June 2018, the parties agreed to a settlement during a conference before Magistrate Judge Michael T. Parker. (Minute entry of 6/15/18) Magistrate Judge Parker ordered the parties to submit the proposed settlement to this Court for approval. (Minute entry of 6/15/18; text-only order of 7/2/18) The parties submitted the proposed settlement to the Court for in camera review on July 11, 2018.

The parties now move the Court to approve their proposed settlement and dismiss Birdie's unpaid overtime compensation claims with prejudice. (Doc. 110)

## II. Compromise of Fair Labor Standards Act Claims

The Fair Labor Standards Act (FLSA) requires employers to pay overtime to covered employees who work more than 40 hours in a week. 29 U.S.C. § 207(a). An employer that fails to pay overtime to a covered employee who works more than 40 hours in a week is liable for the amount of unpaid overtime compensation and liquidated damages. 29 U.S.C. § 216(b).

FLSA substantive rights cannot be waived. Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 257 (5th Cir. 2012). Most courts hold that "in the absence of supervision by the Department

3

of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." Bodle v. TXL Mortg. Corp., 788 F.3d 159, 164 (5th Cir. 2015) (citing Lynn's Food Stores v. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982)).[1]

The Court will approve an FLSA settlement if it (1) resolves a bona fide FLSA dispute and (2) is fair and reasonable. See, e.g., Black v. DMNO, LLC, Civ. A. No. 16-CV-2708, 2018 WL 2299055, at *4 (E.D. La. May 21, 2018); Koviach v. Crescent City Consulting, LLC, Civ. A. No. 14-2874, 2017 WL 4351509, at *4 (E.D. La. Oct. 2, 2017).

## A. Bona Fide Dispute

The parties say that the proposed settlement resolves a bona fide dispute over two FLSA overtime-compensation provisions. (Doc. 111, p. 7) The Court agrees and finds that a bona fide FLSA dispute exists in two respects.

First, the parties dispute whether Cowart and Brandi's Hope can prove good faith under 29 U.S.C. § 260. (Doc. 111, p. 7) Section 260 of the FLSA empowers a court to reduce liquidated damages awarded against an employer that violated the FLSA but acted in good faith with the reasonable belief that its actions

---

[1] In the Fifth Circuit, oversight is not always required: Courts will enforce private settlements compromising FLSA claims if the settlements "are reached due to a bona fide FLSA dispute." Bodle, 788 F.3d at 165; Martin, 688 F.3d at 257.

were lawful. 29 U.S.C. § 260. Cowart and Brandi's Hope argue —— and Birdie disputes —— that § 260 applies because Defendants decided not to compensate Birdie for the hours she worked from 10:00 P.M. to 6:00 A.M. in good faith, reasonable reliance on Department of Labor guidelines. (Doc. 111, p. 7)

Second, the parties dispute whether Birdie can recover unpaid overtime compensation for a two-year or three-year period. See 29 U.S.C. § 255(a). Birdie says that she is entitled to three years of compensation because Defendants willfully violated the FLSA. (Doc. 111, p. 7) Defendants rejoin that they acted in good faith at all times. (Doc. 111, p. 7)

## B. Fair and Reasonable

The parties submit that the proposed settlement is reasonable, fair, and the product of arms-length negotiations by experienced counsel. (Doc. 110, p. 2) The Court agrees.

To decide if the proposed settlement is fair and reasonable, the Court considers "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the possibility of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class

members." <u>Union Asset Mgmt. Holding A.G. v. Dell</u>, 669 F.3d 632, 639 n.11 (5th Cir. 2012).[2]

The first factor supports approving the proposed settlement because no party suggests the proposed settlement is the product of fraud or collusion and Magistrate Judge Parker supervised the settlement negotiations.

The second factor supports approving the proposed settlement. The legal issues this case raises are not complex, but the cost and duration of a three-week FLSA collective action bench trial would be significant. (Doc. 104)

The third factor is neutral. This case has been pending for 17 months, and the parties have not conducted significant discovery.

The fourth factor supports approving the proposed settlement. The parties have not briefed —— and this Court has not decided —— any significant issues. So at this point, Birdie and Defendants are equally likely to succeed on the merits.

The fifth factor supports approving the proposed settlement. The proposed settlement awards members of the collective action class unpaid overtime back pay based on the number of hours and

---

[2] Courts reviewing the fairness of FLSA settlements draw from opinions interpreting Federal Rule of Civil Procedure 23(e). <u>See</u> <u>Akins v. Worley Catastrophe Response, LLC</u>, Civ. A. No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).

weeks they worked for Brandi's Hope as a direct support professional. (Doc. 111, p. 4) The settlement award takes into account the types of damages the members of this collective action class would recover if successful. <u>See</u> 29 U.S.C. § 216(b).

The sixth and final factor also supports approving the proposed settlement. Defendants, members of the collective action class, and counsel represent that the proposed settlement is fair and reasonable. (Doc. 111, p. 9)

## III. Conclusion

The parties have shown that the proposed settlement resolves a bona fide FLSA dispute and is fair and reasonable.

Accordingly,

IT IS ORDERED that the Joint Motion to Approve Settlement and for Dismissal **(Doc. 110)** is GRANTED.

A Final Judgment dismissing this action with prejudice shall follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 1st day of August, 2018.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE
